THE STATE OF OHIO, APPELLEE, v. MCCRORY, APPELLANT.

[Cite as State v. McCrory (1972), 31 Ohio App. 2d 75.]

(No. 13-72-1—Decided August 2, 1972).

*Messrs. Marley & Marley*, for appellant.
*Mr. Fred R. Echelbarger*, city solicitor, for appellee.

YOUNGER, P. J. This case is an appeal from a conviction and sentence by the court of the defendant on a charge of operating a motor vehicle while under the influence of alcohol. The facts show that a state highway patrolman on November 3, 1971, at two o'clock A. M., noticed the defendant's car pulled off on the berm of a state route. Upon investigation, he found the car's motor not to be running, the lights out and the defendant asleep in the front seat. He tried to arouse the defendant by pounding on the top and the window of the car but the defendant did not awaken until the officer opened the door and shook him. The officer gave the defendant certain tests and determined

that he was then under the influence. The highway patrolman testified as follows: "[defendant] stated that he was at Lehman's Lounge drinking and he was going home to Tiffin when he felt that he had had too much to drink. He said, 'I know I had too much to drink and I pulled off the side of the road.'"

The defendant testified as follows: "[the patrolman] asked me where I had been. I replied at that time I had been at Lehman's Lounge. He said, 'You have been drinking a little bit?' I said, 'Yes, sir, I have been drinking. I have been at a sales meeting and I had a couple drinks too much. I was on the way home. I pulled over to get some sleep.'"

The defendant pleaded "not guilty" and it was incumbent on the prosecution to establish all essential elements of that charge beyond a reasonable doubt. It is, therefore, not sufficient for the state to prove that at the time the state highway patrolman talked to the defendant he was under the influence of alcohol. The state is bound to prove that at the time the defendant pulled off of the road and immediately prior thereto he was under the influence of alcohol.

The state highway patrolman testified that he had never seen the defendant before that night.. There is nothing in the record to show what time the defendant went to Lehman's Lounge, how many drinks he had, whether or not he had anything to eat while he was at the Lounge, what time he left the Lounge, or what time he had pulled off of the road. There is also no testimony as to the defendant's behavior at the Lounge. There is no testimony as to the length of time after the defendant pulled off the road until the state highway patrolman woke him up.

The drunken driving statute effective October 1, 1936, provided simply that whoever operates a motor vehicle in the state of intoxication or under the influence of alcohol shall be punished. In 1941, this section was repealed and the law, G. C. 6307-19, then provided that no person who is under the influence of intoxicating liquor shall operate or be in actual physical control of any vehicle. In 1953,

this section, now R. C. 4511.19, was amended and today provides that no person who is under the influence of intoxicating liquor shall operate any vehicle within this state. The words "or be in actual physical control of any vehicle" have been eliminated and are, therefore, not in this case. As Judge Zimmerman said in *Mentor* v. *Giordano*, 9 Ohio St. 2d 140 at 146: "Generally, each 'drunken driving' case is to be decided on its own particular and peculiar facts." He also said, at the same page:

"Chronology is an important element in 'drunken driving' cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle."

We must, therefore, examine the evidence and lack of evidence in the instant case and determine whether or not it has been proven beyond a reasonable doubt that at the time the defendant pulled his car off to the side of the road and immediately prior thereto—in other words, while the defendant was operating his vehicle—he was under the influence of alcohol.

We think the state has failed to prove the essential elements beyond a reasonable doubt. The statement of the defendant does not admit that he was under the influence. The statement of the defendant indicates that he thought sooner or later he would be under the influence because he had a couple of drinks too many. Had he become under the influence when he pulled off to the side of the road? We do not know. We cannot assume, we cannot infer and we cannot guess that he had. To find the defendant guilty of being under the influence, it would be necessary for us to speculate that he was under the influence at the particular time he is charged with being in such condition. This cannot be proof beyond a reasonable doubt.

The conclusion of the Supreme Court of Ohio in the case of *Mentor* v. *Giordano, supra,* at 146, is apropos here:

"A majority of this court is of the opinion that in the present case, giving the defendant the advantages to which he is entitled, the competent evidence against him did not reach that high degree of probative force and certain-

ty whereby reasonable minds could reach different conclusions as to the guilt of the accused beyond a reasonable doubt of the precise offense charged. That the arrest and conviction of defendant for the offense of intoxication alone or for trespassing, or both, might have been justified under the evidence is beside the point.''

In the light of the foregoing, it becomes immaterial whether the testimony of the patrolman should have been suppressed, for even considering it fully there was insufficient evidence to convict. In any event, the arrest did not transpire until after the defendant had said and done the things to which the patrolman testified; hence, they could not be the result of an unlawful arrest.

The Municipal Court of Fostoria must be reversed and final judgment is rendered for the defendant.

*Judgment reversed.*

Cole and Reilly, JJ., concur.

(Reilly, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.)