The STATE of Ohio, Appellee,

v.

BARGER, Appellant.

[Cite as *State v. Barger* (1992), 78 Ohio App.3d 451.]

Court of Appeals of Ohio,
Hancock County.

No. 5-91-26.

Decided Feb. 28, 1992.

*Robert A. Beutler, Jr.,* City Prosecutor, for appellee.

*Jeffrey J. Whitman,* for appellant.

SHAW, Judge.

Defendant-appellant, Gloria Barger, appeals the judgment and sentence of the Findlay Municipal Court, following a jury verdict which found her guilty

of two counts of driving under the influence, in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3).

The record reveals that, on October 25, 1990, at 12:30 a.m., Trooper Pape saw a truck parked in the Liberty–Benton High School parking lot in Hancock County, Ohio. The truck's headlights were on and a person was leaning out of the driver's side. As the trooper approached the truck, he noticed that the defendant was holding onto the steering wheel, leaning out of the truck and getting sick. When the trooper pulled behind the truck, the defendant sat up in the truck, closed the driver's side door, turned off the headlights and tried to "compose herself." When the trooper spoke with defendant, he smelled alcohol on her breath. Defendant stated that she had visited two bars in Findlay, Ohio that evening.

The trooper conducted several field sobriety tests and concluded that defendant was under the influence of alcohol. The trooper arrested defendant, took her to the Findlay Highway Patrol Post and conducted a breath-alcohol test. The defendant tested .107. Defendant was then cited for violating R.C. 4511.19(A)(1) and 4511.19(A)(3).

The matter was tried before a jury on April 18, 1991. The jury found defendant guilty of both counts. On June 24, 1991, the trial court sentenced defendant. Thereafter, defendant filed the instant appeal, asserting one assignment of error:

"Appellant's conviction of DUI cannot be sustained because Appellee did not prove beyond a reasonable doubt that Appellant 'operated' a vehicle with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of her breath."

Defendant's assignment of error refers only to the conviction of the second count of the traffic citation. However, her argument refers to both counts. Therefore, we will determine the propriety of both convictions.

Essentially, defendant's argument is that the convictions are against the manifest weight of the evidence, because the evidence is insufficient to show operation of the truck. The Ohio Supreme Court stated, in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, that:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime proven beyond a reasonable doubt. * * * " (Citation omitted.)

R.C. 4511.19 states, in pertinent part, that:

"(A) No person shall operate any vehicle * * * within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

" * * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]"

Defendant's defense at trial was that she did not drive her truck from Findlay to the Liberty–Benton High School that evening, but that a friend did. However, while driving home, they began to argue and defendant began to feel sick. Her friend pulled off the road into the school parking lot. After defendant vomited, they began to argue again. Her friend threw down the keys and walked off. Then defendant lay down across the driver's seat. Later, she opened the driver's side door and got sick again. At this time, the trooper spotted defendant and came over to her truck.

Defendant cites many cases in which Ohio courts address the sufficiency of the evidence of operating a vehicle. In *State v. Cleary* (1986), 22 Ohio St.3d 198, 199, 22 OBR 351, 352, 490 N.E.2d 574, 575, the Ohio Supreme Court stated that:

"Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." (Footnote omitted.)

Also, the Ohio Supreme Court has held that "[a]n intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition [the motor was running] is operating the vehicle in violation of R.C. 4511.19(A)(1)." *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115, syllabus.

However, we also recognize that the Ashland Municipal Court, in *State v. Telakowicz* (1991), 61 Ohio Misc.2d 499, 580 N.E.2d 101, held that a driver who was found asleep behind the steering wheel in a pickup truck parked on a driveway was not "operating" the vehicle, when the key was not in the ignition, but to the right of the driver, and the engine was not running.

In construing the evidence in the light most favorable to the prosecution, the evidence shows that (1) the headlights were on, (2) defendant was leaning out the driver's side of the truck and, then, sat up in the driver's seat, (3) the motor was not running and (4) the keys were not in the ignition, but defendant produced the keys from her person when later requested.

This case differs from *Telakowicz, supra,* for several reasons. First, the defendant here was not asleep, she was holding onto the steering wheel and leaning out of the car. Second, the defendant here had the headlights on and turned them off when the trooper approached. Third, the defendant had the ignition key in her possession, which indicated her "potential movement of the vehicle." Based upon the foregoing evidence, we find that there was sufficient evidence upon which a rational trier of fact could find that the defendant operated the truck. Accordingly, we overrule the assignment of error and affirm the judgment and sentence of the trial court.

*Judgment affirmed.*

HADLEY, P.J., and EVANS, J., concur.