The STATE of Ohio, Appellee,

v.

KINCAID, Appellant.

[Cite as *State v. Kincaid* (1992), 83 Ohio App.3d 341.]

Court of Appeals of Ohio,
Hocking County.

No. 91 CA 18.

Decided Oct. 28, 1992.

**342**

*Jeffrey F. Bender,* Hocking County Assistant Prosecuting Attorney, for appellee.

*Richard M. Wallar,* for appellant.

GREY, Judge.

This is an appeal from a judgment of the Municipal Court of Hocking County. Donald Kincaid appeals his conviction of violating R.C. 4511.19(A)(1), operating a vehicle while under the influence of alcohol.

In the early morning hours of August 6, 1991, Deputy Perez found Kincaid slumped over in a car parked by the side of the road. Three empty quart beer bottles littered the passenger's floor. Deputy Perez awakened Kincaid and noticed a strong smell of alcohol about his person. His speech was slurred, his eyes were bloodshot and he was unable to stand without assistance. There was evidence that he had urinated and possibly defecated in his slacks. A field sobriety test was administered, which Kincaid failed. He was taken to the station and given a breathalyzer test. The BAC Verifier test registered .210. He was charged with violating R.C. 4511.19(A)(1) and (3).

At trial, his counsel successfully asserted that the BAC Verifier calibration samples were unreliable and therefore the BAC results should be excluded from evidence. The court dismissed the violation of R.C. 4511.19(A)(3). Kincaid was found guilty of violating R.C. 4511.19(A)(1).

## ASSIGNMENT OF ERROR

"The trial court erred in finding that the Defendant operated a motor vehicle when the evidence established that the vehicle engine was not running at the time of the offense and the vehicle ignition key was not in the ignition, and the state did not prove that the Defendant had, at any time, operated or moved the vehicle under its own power prior to the Defendant's arrest."

Kincaid asserts that the state failed to meet its burden of proof because it did not establish that Kincaid's car was operable. He also asserts that the court

erred when it determined that the ignition key, located in the ashtray, fulfilled the "operation" requirements under the applicable statute.

Kincaid argues that the burden is on the state to prove all elements of the crime and that the state did not prove that his car was operable. The state cites *State v. Allberry* (Jan. 7, 1991), Hocking App. No. 90 CA 9, unreported, 1991 WL 13736, to support its contention that the burden of proving inoperability is placed upon the defendant.

In *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus, the court held:

"A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."

In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, the Ohio Supreme Court stated:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)

Deputy Perez testified regarding the keys found in the vehicle: " * * * When I collected the keys, the keys were turned over to the wrecker operator, which the wrecker operator did put the keys in the ignition, start the vehicle, and move it up to the back of the wrecker."

The issue offered for review is whether there is sufficient evidence upon which to find the vehicle operable, not who had the burden of proof to prove operability or inoperability. Perez testified that the car started and moved. There is sufficient evidence upon which the court could reasonably infer the vehicle was operable. There is no merit to Kincaid's argument regarding the issue of operability.

Kincaid's second contention is that when a person is asleep in his car and the keys are not in the ignition, he is not operating a motor vehicle as prohibited under that statute. In response, the state asserts that if a person is asleep, in possession of the automobile key and under the influence, he violates R.C. 4511.19(A)(1).

The state cites *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115; *State v. Cleary* (1986), 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574; and

*Cincinnati v. Kelley* (1976), 47 Ohio St.2d 94, 1 O.O.3d 56, 351 N.E.2d 85, to support its contention, and these cases do indicate an evolving attitude about what conduct is proscribed by R.C. 4511.19(A)(1).

In *Kelley,* the defendant was awake, sitting in the driver's seat with the keys in the ignition, engine off. The Ohio Supreme Court found that the term "actual physical control" was satisfied if a person was in the driver's seat, behind the steering wheel, in possession of the ignition key, and was physically capable of starting the engine and causing the vehicle to move.

In *Cleary,* the Ohio Supreme Court held that: "Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute." *Id.* at paragraph one of the syllabus. Cleary was found passed out in a parked car with the key in the ignition and the motor running.

In *McGlone,* the defendant was found asleep in a parked car with the key in the ignition and the motor running. The trial court dismissed the charges and the court of appeals affirmed. The Supreme Court, in reversing the decision, held: " * * * an intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1)." *McGlone, supra,* 59 Ohio St.3d at 124, 570 N.E.2d at 1117. Explicit in these cases is the idea that "operation" is more than just driving, and implicit is the idea that having the key in the ignition is the initial step in operating a motor vehicle.

Previous decisions from this court are in accord with the Supreme Court above. In *State v. Decker* (Sept. 5, 1990), Highland App. No. 725, unreported, 1990 WL 127070, we affirmed a conviction of a defendant who was passed out in the driver's position with the keys in the ignition. In *State v. Glasscock* (Sept. 20, 1990), Highland App. No. 726, unreported, 1990 WL 138494, we affirmed a conviction of a defendant who was passed out in the driver's position of a pickup truck with the keys in the ignition. In *State v. Binegar* (June 6, 1992), Washington App. No. 91 CA 37, unreported, 1992 WL 129323, we affirmed a conviction of a defendant who was found asleep in his car with the keys in the ignition. In *State v. Jenkins* (1991), 75 Ohio App.3d 63, 598 N.E.2d 872, we affirmed a conviction of a defendant even though the keys were lying on the seat beside him, because the defendant admitted he had been driving the car.

One thing is apparent from these cases. If you are under the influence, awake, in the driver's position and with the key in the ignition, you may be guilty of an R.C. 4511.19(A)(1) violation. If you are asleep and in the driver's position and the keys are in the ignition, then you may be guilty of violating R.C. 4511.-19(A)(1). It would appear that where a person is asleep in a parked vehicle,

having the key in the ignition is a bright line test for determining if that person is guilty of violating R.C. 4511.19(A)(1).

Other districts appear in accord with this proposition. In *State v. Diamond* (Nov. 1, 1991), Portage App. No. 91–P–2306, unreported, 1991 WL 230050, affirmed on other grounds, the Eleventh District distinguished *McGlone* and *Cleary* because " * * * the record clearly reveals that the keys were not in the ignition when Patrolman Gyoker observed appellee in the vehicle." Diamond was asleep.

In *State v. McCrory* (1972), 31 Ohio App.2d 75, 60 O.O.2d 169, 285 N.E.2d 896, the Court of Appeals for Seneca County addressed the chronology requirement of *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 146, 38 O.O.2d 366, 370, 224 N.E.2d 343, 348, stating:

"Where the only evidence introduced in a driving under the influence case is that the patrolman found the defendant pulled off on the berm of the road with lights out, no motor running, asleep, and alone and then under the influence of alcohol, there can be no conviction by proof beyond a reasonable doubt that while the defendant was operating his vehicle (that is when he pulled off of the highway and immediately prior thereto) he was then under the influence of alcohol."

In *State v. Telakowicz* (1991), 61 Ohio Misc.2d 499, 580 N.E.2d 101, the Ashland Municipal Court examined several of these same cases. Telakowicz was found asleep behind the steering wheel, with a beer can between his legs. The ignition keys were on the seat beside him. When awakened, Telakowicz depressed his clutch and his vehicle rolled backward. The court, in granting a motion to suppress, found: (1) the truck key was not in the ignition; (2) the truck's motor was not running; and (3) the key was not in Telakowicz's hand.

In *State v. Light* (Oct. 26, 1987), Stark App. No. CA–7233, unreported, 1987 WL 19069, the Fifth District affirmed Light's conviction. Light was asleep in his car, and the key was not in the ignition, but his car was stopped in the middle of the street. But, of course, stopping a car in the middle of the street is within the broad definition of "operating," and indeed is something drivers commonly do.

In *State v. Barger* (1992), 78 Ohio App.3d 451, 605 N.E.2d 409, the court found that the facts in that case were different from the facts in *Telakowicz* because the defendant was not asleep. She had been driven to the spot where she was found and got into a fight with the driver. He threw the keys down and walked off. She picked them up and was holding onto the steering wheel and leaning out of the car. She had the headlights on but turned them off when the trooper approached. The court held that while it was clear that Barger was not driving, there was sufficient evidence for the jury to find, under the broad *Cleary* standard, that she "operated" the motor vehicle.

■ The courts must give criminal statutes their intended meaning and the Ohio Supreme Court has held that the legislature intended the word "operating" to have broad meaning. Simply put, some conduct which is not driving is operating.

However, this also means that some conduct which is not driving is not operating either. For example, an intoxicated person sitting in a motor vehicle, waiting for the designated driver to come and drive him home, would not be operating a motor vehicle. Or, a driver who realizes he is under the influence and elects to sleep it off rather than attempt to drive home would not be operating. Thus, to give the statute its legislative intent, a court must not only decide what is operating, it is just as important to decide what is *not* operating.

■ In summary, the cases cited stand for these propositions. If a person is drunk, but awake, and is engaged in conduct within the broad scope of the word "operating," he is guilty of operating a motor vehicle under the influence. *Barger* and *Light, supra.* If a person is drunk and asleep with the keys in the ignition and the motor running, he is guilty of operating under the influence. *McGlone, supra.* If a person is drunk and asleep with the keys in the ignition and the motor is not running, he is guilty of operating under the influence. *Kelley, supra.* However, if a person is drunk, asleep in a motor vehicle, with no key in the ignition, and there is no evidence of any conduct which might be included within the broad category of operation, he is not guilty of drunk driving.

Here, the defendant was asleep, the keys were in the ashtray, the motor was not running, the car was legally parked, the defendant's hands were not on the steering wheel and there was no vehicular movement or operator-type conduct. There was no evidence of operation at all.

Based on the foregoing, Kincaid's assignment of error is well taken and is sustained. The judgment of the trial court is reversed and the defendant is ordered discharged.

*Judgment reversed.*

STEPHENSON, P.J., concurs.

ABELE, J., concurs separately.

PETER B. ABELE, Judge, concurring in judgment and opinion.

I concur in the judgment and opinion. I agree that appellant's conduct in the instant case regarding the alleged operation of the vehicle does not fall within the standard established by the Ohio Supreme Court. In defining the word "operate," the court wrote in *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115, syllabus, as follows:

"An intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1)."

As the majority opinion points out, in the case *sub judice* appellant was asleep in the vehicle and the ignition key was in the car ashtray. Appellee suggests that *McGlone* should be interpreted to permit a conviction where the ignition key is in the ashtray. I disagree.

In *State v. Jenkins* (1991), 75 Ohio App.3d 63, 70, 598 N.E.2d 872, 876, we wrote the following:

"It does not appear that the Ohio Supreme Court has expressly held that R.C. 4511.19 is violated where the intoxicated driver is behind the wheel and has possession of the ignition key but it is not in the ignition."

As an intermediate appellate court, we are required to follow the decisions of the Ohio Supreme Court. See, *e.g., Smith v. Klem* (1983), 6 Ohio St.3d 16, 6 OBR 13, 450 N.E.2d 1171; and *State v. Decker* (Sept. 5, 1990), Highland App. No. 725, unreported, 1990 WL 127070. The *McGlone* syllabus expanded the definition of "operation" of a vehicle to include situations where a person is situated in a vehicle's driver's seat and the person has placed the ignition key in the ignition. Without guidance from the Ohio Supreme Court, I do not believe it is appropriate to expand the definition of "operation" to include situations where the ignition key is *not* in the ignition.

I further note that the statute at issue in this case, R.C. 4511.19, contains the word "operate."[1] The statute does not include the term "in physical control." See *Cincinnati v. Kelley* (1976), 47 Ohio St.2d 94, 1 O.O.3d 56, 351 N.E.2d 85. I note that some jurisdictions have enacted legislation which includes the term "in physical control."[2] Courts in those jurisdictions have understandably taken a very broad view of what constitutes being "in physical control" of a vehicle. See *State v. Maletich* (Minn.App.1986), 384 N.W.2d 586 (ignition key on the floor of

---

1. R.C. 4511.19 provides in pertinent part:

   "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

   "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]"

2. For example, in Minnesota, a state statute contains the word "operate" and the term "in physical control." Minn.Stat.Ann. 169.121 provides in pertinent part:

   "Drivers under influence of alcohol or controlled substance.

   "Subdivision 1. Crime. It is a crime for any person to drive, operate, or be in physical control of any motor vehicle within this state or upon the ice of any boundary water of this state:

   "(a) when the person is under the influence of alcohol[.]"

the car); *Sens v. Commr. of Pub. Safety* (Minn.App.1987), 399 N.W.2d 602 (ignition key on the car's back seat); and *LeBeau v. Commr. of Pub. Safety* (Minn.App.1987), 412 N.W.2d 777 (ignition key in the glove compartment).

Accordingly, I agree that the evidence adduced at the trial is insufficient to support a finding of guilt beyond a reasonable doubt. See *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; and *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.