The STATE of Ohio, Appellee,

v.

SHRADER, Appellant.

[Cite as *State v. Shrader* (1997), 118 Ohio App.3d 221.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–96–037.

Decided Feb. 7, 1997.

*Mark Mulligan*, Ottawa County Prosecuting Attorney, and *Dawn M. Shiets*, Assistant Prosecuting Attorney, for appellee.

*Gene Graves*, for appellant.

---

MELVIN L. RESNICK, Presiding Judge.

This case comes before the court on appeal from a judgment of the Ottawa Municipal Court wherein appellant was convicted on one count of operating a motor vehicle with a prohibited concentration of alcohol in his body in violation of R.C. 4511.19(A)(3).

Appellant, Walter M. Shrader, appeals his conviction and asserts the following assignments of error:

"The trial court erred in denying the special jury instructions regarding the definition of operation requested by appellant."

"Appellant's conviction is against the manifest weight of the evidence."

On the evening of August 5, 1995, appellant drove to a bowling alley located in Elmore, Ottawa County, Ohio. He parked his motor vehicle in the municipal parking lot and went inside the bowling alley to talk with friends and have some drinks.

Appellant left the bowling alley at approximately 11:00 p.m. Realizing that he had consumed too many drinks to drive, appellant decided to sleep in his car. Appellant got into his car, locked the doors, put the car keys on the console between the front driver seat and the front passenger seat, and went to sleep.

Shortly thereafter, Officer Jeff Jacob of the village of Elmore Police Department observed appellant's car in the municipal parking lot. After seeing that an individual was "slouched down" in the driver's seat, Officer Jacob decided to investigate the situation. He knocked on the driver's side window of appellant's vehicle and received no response. After he knocked a second time, appellant awoke and attempted to open the power windows of the car by inserting the keys into the ignition, but was unable to do so.

Either appellant or the officer then opened the car door. Officer Jacob immediately noticed an intense smell of alcohol coming from the vehicle and appellant's person. He also observed that appellant appeared disoriented. Officer Jacob saw the keys to the car on the console between the driver and passenger seats. The engine of the vehicle was not running.

The officer asked appellant to step out of the car and then asked appellant to perform four types of field sobriety tests. Appellant failed all four tests. According to Officer Jacob, he then offered to provide appellant with transporta-

tion to appellant's residence. Jacob testified that appellant refused, stating that he was going to "sleep off" the effects of the alcohol in his car and then go home. Appellant denied that the officer ever offered to take him to his residence.

The officer placed appellant under arrest for operating a vehicle while under the influence of alcohol and transported him to the Oak Harbor Police Department. At the police department, appellant agreed to submit to a breathalyzer test, which resulted in a reading of .229, a breath-alcohol content greater than the legal limit. Appellant was charged with violations of R.C. 4511.19(A)(1) and 4511.19(A)(3).

Prior to his jury trial, appellant filed a written request for a special instruction, which read, in material part:

"[I]f a person is drunk, asleep in a motor vehicle, with no key in the ignition, and there is no evidence of any conduct which might be included within the broad category of operation, he is not guilty of drunk driving."

At trial, the municipal court gave a jury instruction encompassing the broad definition of the "operation" of a motor vehicle found in 4 Ohio Jury Instructions (1993), Section 545.25(2), and, despite appellant's objection, declined to give the requested special instruction.

The jury returned a verdict of guilty on the charge of driving a motor vehicle with a breath-alcohol level over the legal limit, a violation of R.C. 4511.19(A)(3).

█ Because it is dispositive of the case before us, we shall first address appellant's second assignment of error.

Appellant asserts that the verdict is against the manifest weight of the evidence on the issue of whether he was "operating" his motor vehicle within the meaning of R.C. 4511.19.

In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, the Ohio Supreme Court set forth the standard applied in determining whether a criminal conviction is against the manifest weight of the evidence:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"

R.C. 4511.19 states:

"(A) No person shall operate any vehicle * * * within this state, if any of the following apply:

" * * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath."

■ In general, each "drunk driving" case is to be decided on its own particular and peculiar facts. *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 146, 38 O.O.2d 366, 369–370, 224 N.E.2d 343, 347–348. Thus, numerous cases exist in the state of Ohio concerning the scope of the definition of "operate" in R.C. 4511.19(A).

The leading case in this area is *State v. Cleary* (1986), 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574. In *Cleary,* the Ohio Supreme Court held that "operating" within the meaning of R.C. 4511.19 is a broader term than driving. Therefore, a person under the influence of alcohol who is in the driver's seat of a stationary vehicle with a key in the ignition can be found in violation of the statute. *Id.* at paragraphs one and two of the syllabus. The high court of this state followed the rule of *Cleary* in *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115 (standard is applicable when motor vehicle is parked on either private or public property), and *State v. Gill* (1994), 70 Ohio St.3d 150, 637 N.E.2d 897 (standard is applicable in cases where the motor of the vehicle is not running). In all three cases, each defendant was found sleeping or passed out behind the steering wheel of a stationary motor vehicle with the key in the ignition and, in the case of McGlone and Cleary, the motor running.

Lower appellate courts have developed no "bright-line" test in applying *Cleary* and its progeny to determine the breadth of the term "operate." The results in these cases appear to rest solely on the facts presented. A common thread is the conduct or activity of the defendant as it relates to his or her ability to cause "actual or potential movement" of a motor vehicle while under the influence of alcohol. See *Cleary,* 22 Ohio St.3d at 199, 22 OBR at 351–352, 490 N.E.2d at 575.

It is clear that the presence of his or her vehicle key in the ignition brings the conduct of a defendant charged with a violation of R.C. 4511.19(A)(1) and/or 4511.19(A)(3) within the meaning of "operate" contemplated by the statute. See, *e.g., State v. Clay* (Aug. 21, 1996), Lawrence App. No. 95–CA–42, unreported, 1996 WL 487933; *State v. Feltner* (Aug. 19, 1994), Huron App. No. H–93–59, unreported, 1994 WL 455670. Nevertheless, where, as here, the facts of a case differ from those presented in *Cleary, McGlone* and *Gill,* appellate courts reach varying results.

In four cases from other appellate districts, defendants were found in parked cars without the keys to their vehicles in the ignition. See *State v. Jenkins*

(1991), 75 Ohio App.3d 63, 598 N.E.2d 872 (Fourth District); *Lebanon v. Adams* (Mar. 14, 1994), Warren App. No. CA92–12–109, unreported, 1994 WL 81994 (Twelfth District); *State v. Riley* (Jan. 20, 1994), Franklin App. Nos. 93AP–518 and 93AP–537, unreported, 1994 WL 14782 (Tenth District); and *State v. Leveque* (Sept. 30, 1993), Lake App. No. 92–L–208, unreported, 1993 WL 407255 (Eleventh District). Despite some exceptionally broad language regarding the term "operate" in *Jenkins*, it appears that the Fourth, Twelfth, Tenth, and Eleventh District Courts of Appeals affirmed a finding that each of the defendants was "operating" his or her vehicle within the scope of *Cleary* because either witnesses observed each of vehicles being driven erratically before it was parked or the defendant admitted driving the vehicle after consuming alcohol.

In *State v. Warner* (Sept. 30, 1992), Portage App. No. 92–P–0009, unreported, 1992 WL 267430, and *State v. Diamond* (Nov. 1, 1991), Portage App. No. 91–P–2306, unreported, 1991 WL 230050, the Eleventh District Court of Appeals refused to extend the scope of the term "operate" to include a situation where the defendant was discovered sleeping in the driver's seat with the keys to the motor vehicle on the seat or the floor.

However, in *State v. Barger* (1992), 78 Ohio App.3d 451, 605 N.E.2d 409, a state trooper observed the defendant's motor vehicle, with its headlights on, parked in a high school parking lot. The defendant was leaning out of the driver's side of the vehicle. The defendant claimed that a friend drove her to the parking lot and then, after the two argued, left her there. Nonetheless, the Third District Court of Appeals found sufficient evidence was offered to prove that the defendant was "operating" her vehicle. This evidence was (1) the defendant's headlights were on; (2) she was leaning out the driver's side of the truck and, then, sat up in the driver's seat holding the driver's wheel; and (3) although the keys were not in the ignition of the vehicle, they were on the defendant's person, indicating potential for movement of the vehicle. *Id.*

Awareness was also the deciding factor in *State v. Reynolds* (May 26, 1994), Delaware App. No. 93CAC11040, unreported, 1994 WL 249942. In that case, the defendant was found awake in the driver's seat of the motor vehicle with her car keys in her pocket. The Fifth District Court of Appeals affirmed her conviction on a charge of driving under the influence.

This court considered the scope of the term "operate" in the context of the review of a denial of a motion for acquittal. See *State v. Perkins* (May 24, 1992), Ottawa App. No. 93–OT–28, unreported. In *Perkins*, a police officer saw a truck stopped in a no-parking zone. When the officer approached the truck to ask the occupants to move it, he noticed the odor of alcohol coming from the defendant, who was in the driver's seat. Subsequently, the defendant was charged with and convicted of a violation of R.C. 4511.19(A)(3). We reversed the conviction

because the state failed to demonstrate that the defendant possessed the key to the truck, that is, had the potential to operate it, at the time of discovery by the officer. *Id.*

Finally, the Fourth District Court of Appeals decided a case in which the facts relevant to a determination of the scope of the word "operate" are identical to the facts in the case before us. See *State v. Kincaid* (1992), 83 Ohio App.3d 341, 614 N.E.2d 1112. The *Kincaid* court analyzed the cases following *Cleary* and reached the following conclusion:

"The courts must give criminal statutes their intended meaning and the Ohio Supreme Court has held that the legislature intended the word 'operating' to have broad meaning. Simply put, some conduct which is not driving is operating.

"However, this also means that some conduct which is not driving is not operating either. For example, an intoxicated person sitting in a motor vehicle, waiting for the designated driver to come and drive him home, would not be operating a motor vehicle. Or, a driver who realizes he is under the influence and elects to sleep it off rather than attempt to drive home would not be operating. Thus, to give the statute its legislative intent, a court must not only decide what is operating, it is just as important to decide what is not operating.

"In summary, the cases cited stand for these propositions. If a person is drunk, but awake, and is engaged in conduct within the broad scope of the word 'operating,' he is guilty of operating a motor vehicle under the influence. * * * If a person is drunk and asleep with the keys in the ignition and the motor running, he is guilty of operating under the influence. * * * If a person is drunk and asleep with the keys in the ignition and the motor is not running, he is guilty of operating under the influence. * * * However, if a person is drunk, asleep in a motor vehicle, with no key in the ignition, and there is no evidence of any conduct which might be included within the broad category of operation, he is not guilty of drunk driving." *Id.* at 346, 614 N.E.2d at 1115.

We find the reasoning in *Kincaid* persuasive and, therefore, adopt the position taken by that court as to the scope of the term "operate" in R.C. 4511.19.

In applying that definition to the present case, the state failed to offer any evidence that appellant was under the influence of alcohol at the time he drove his motor vehicle to the bowling alley. Further, the evidence established that the vehicle was legally parked, appellant was asleep at the time of discovery, and the key was not in the ignition of the motor vehicle. Accordingly, we conclude that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could not have found the element of "operation" of the vehicle proven beyond a reasonable doubt. Accord *Bedford Hts. v. Smullen* (June 9, 1994), Cuyahoga App. No. 66460, unreported, 1994 WL 258543.

Appellant's second assignment of error is found well taken. Due to our disposition of this assignment, we need not reach the merits of appellant's first assignment of error, it is hereby found moot.

The judgment of the Ottawa County Municipal Court is reversed, and appellant is discharged. Appellee is ordered to pay the costs of this appeal.

*Judgment reversed.*

GLASSER and SHERCK, JJ., concur.