This is an appeal from a judgment of the Municipal Court of Hillsboro, Ohio. The defendant-appellant, Edward V. Major, appeals his conviction by a jury of a violation of R. C.4511.19(A)(1), operating a vehicle while under the influence of alcohol, as a second offender.
These are the appellant's assignments of error:
1. Because the State's case in chief established that defendant-appellant's vehicle was out of gas and accordingly inoperable at the time he was arrested, and all prior times that he was observed by any witness, the Court erred in not granting defendant-appellant's Rule 29 Motion.
2. The Court erred in refusing to instruct the jury that if they concluded that the defendant-appellant's vehicle was inoperable, they must acquit the defendant of operating a motor vehicle while under the influence of alcohol.
3. The transcript contains no indication that the Court instructed the jury as to the law of the case, and accordingly, defendant-appellant's conviction must be reversed and remanded.
The facts upon which the jury reached the verdict are virtually undisputed. At about 2:15 a.m., June 15, 1997, two deputies of the Sheriff of Highland County, responding to a report of a car which was stationary within the roadway of State Route 50 in Highland County, observed Major sitting behind the steering wheel of a passenger automobile completely motionless within the thoroughfare. Major was the only occupant of the vehicle and, when the deputies stopped their marked sheriff's car behind his, Major exited it. The deputies testified that Major "staggered" toward them, that they smelled "a strong odor of an alcoholic beverage on . . . his person" and that 'he was very disoriented' to the degree that Major believed he was in Boone County, Kentucky.
One of the deputies entered Major's car preparatory to its removal from the highway by a tow truck and saw that the ignition keys were in the ignition switch which was "on." Major's car, however, was out of fuel.
The deputies attempted to administer field tests to determine Major's sobriety but he was unable to perform the test of his vision, could not or would not attempt tests of his ability to balance himself and, ultimately, refused to perform any others. He was then arrested for operating a vehicle while under the influence of alcohol, transported to a sheriff's facility where he refused to submit a sample of his breath for analysis after being advised of the consequences of such refusal.
At the conclusion of the case for the State, counsel for Major moved for acquittal according to Crim.R. 29, arguing that since no one testified that they had observed Major driving or operating his automobile the evidence was insufficient to support a conviction. The court overruled the motion, stating:
 Well, the Supreme Court has gone rather far in expanding the definition of operating to include being behind the wheel with the keys in the ignition even if the vehicle is not moving or the motor is not running and the evidence that I have heard indicates that the defendant was behind the wheel and the keys were in the ignition. So I believe there is sufficient evidence the jury could find him guilty.
Major rested without proffering any evidence and the verdict followed closing arguments in which counsel for Major submitted to the jury his contentions that Major was not guilty even conceding that Major was "impaired, under the influence, intoxicated, drunk" because there was "no evidence of operating the vehicle" and that it "was simply not operable."
The first assignment of error is without merit and is overruled for, at least, two reasons. To begin with, the trial court was correct in its statement of the law in Ohio when the motion for acquittal was overruled. The syllabus in State v.Gill (1994), 70 Ohio St.3d 150, 637 N.E.2d 897, is:
 A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is "operating" the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. (State v. Cleary [1986], 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574; State v. McGlone [1991], 59 Ohio St.3d 122, 570 N.E.2d 1115, applied and followed.)
In this case, there was not a real question whether major was under the influence of alcohol when he as seen by the deputies behind the wheel of his car. Although that issue was not waived or expressly conceded, the thrust of the defense was that the prosecution could not, and did not, prove that Major was operating his car. That argument fails because, as a matter of law as defined in State v. Gill, supra, Major was operating his car upon the incontroverted facts presented to the jury.[1]
The second reason why the first assignment is not well-taken is that, upon the facts, no reasonable mind could have reached the conclusion, inferentially, that Major had operated his car from wherever he had been been to the point where its fuel was exhausted and that in that time period he was under the influence of alcohol. He was alone in the car, no one other than the deputies was in the vicinity when he was found and he offered no evidence to explain how he had gotten to that point. Upon circumstantial evidence alone, Major had to have been found by any reasonable person to have operated his car at the time critical to the charge alleged.
The second assignment is overruled because the uncontroverted facts justify the inference that Major had operated his vehicle while under the influence of alcohol prior to the time at which it ran out of fuel. The issue was one for determination by the jury and the court neither abused its discretion nor erred as a matter of law in declining to instruct the jury that if Major's car was inoperable in the sense that there was no fuel for its engine.
The third assignment of error is overruled because Major, as the appellant, had the obligation to have certified to us a transcript containing all parts of the record necessary for the resolution of the assignments of error. When, as here, an appellant has failed to maintain that burden, a reviewing court has nothing upon which to pass and, as to those assigned errors has no choice but to presume the validity of the proceedings in the trial court.[2]
The judgment of the Municipal Court of Hillsboro is, therefore, affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Municipal Court of Hillsboro, Ohio, to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Shannon, J., Abele, J. and Harsha, J. Concur in judgment and Opinion
 --------------------------- Raymond E. Shannon, Judge
 --------------------------- Peter B. Abele, Judge
 --------------------------- William H. Harsha, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Raymond E. Shannon, retired of the First Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth District.
[1] See also State v. Kincaid (1992), 83 Ohio App.3d 341,614 N.E.2d 1112, in which this court said that if a person is drunk and asleep with the keys in the ignition, he is guilty of operating under the influence, regardless of whether motor is running.
[2] Major resorted neither to App.R. 9 (c) and (d) to argument the record.