OPINION
Appellant Gary Hitchings appeals the decision of the Licking County Municipal Court on the basis that the trial court's verdict finding him guilty of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited concentration of alcohol in his breath is against the manifest weight of the evidence. The following facts give rise to this appeal. On April 12, 2000, appellant arrived at the Grand Host East, at approximately 6:00 p.m., to attend a court-ordered presentation. Appellant entered the building for a period of time. During that period of time, appellant carried a white styrofoam cup with a lid on it. Thereafter, appellant left the building, for approximately fifteen minutes, and subsequently returned without the cup. When appellant re-entered the building, law enforcement officers smelled an odor of alcohol. Appellant submitted to a portable breathalyzer test which indicated a level of .102. Appellant was then asked to perform field sobriety tests which he failed. Law enforcement officers thereafter placed appellant under arrest and transported him to Reynoldsburg for a standard breath test which indicated a level of .164. Appellant was charged with a violation of R.C. 4511.19, sections (A)(1) and (A)(3). At his arraignment on April 19, 2000, appellant entered a plea of not guilty. Appellant filed a motion to suppress on May 19, 2000, which the trial court overruled on July 7, 2000. A trial to the bench occurred on August 9, 2000. Following closing arguments, the trial court found appellant guilty, as charged, and sentenced him accordingly. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his sole assignment of error, appellant contends the trial court's verdict finding him guilty of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited concentration of alcohol in his breath is against the manifest weight of the evidence. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's sole assignment of error. The statute under which appellant was convicted is R.C. 4511.19(A)(1) and (3). These sections of the statute provide: (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
* * *
(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;
* * *
On appeal, appellant argues that there was no evidence that he "operated" his motor vehicle after he arrived at the Grand Host East. "Each case involving the issue of operation must be decided on its own particular facts." State v. Lewis (1999), 131 Ohio App.3d 229, 233, citing Mentor v. Giordano (1967), 9 Ohio St.2d 140; State v. Shrader (1997), 118 Ohio App.3d 221. In the case of State v. Cleary (1986),22 Ohio St.3d 198, the court explained that: Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol * * * can be found in violation of R.C. 4511.19(A)(1). Id. at 199.
In State v. Barger (1992), 78 Ohio App.3d 451, 454, the court held that the key factor in determining whether a person is operating a motor vehicle is whether the person has the potential to move the vehicle. The potential to move a motor vehicle, as when the keys are in the defendant's possession and he or she is under the influence of alcohol, is sufficient to satisfy the definition of "operate." At the trial of this matter, appellant testified, as follows, on cross-examination:
 Q. Mr. Hitchings, you said you drank enough to test 16 in a couple little sips of coffee?
A. I drank the coffee, sir. I did not sip it. I was —
 Q. And you were drinking, your testimony is you were drinking it in the vehicle?
A. Pardon?
 Q. On the driver's side of the vehicle? Is that where you were drinking at?
A. I drank it in the truck, yes.
Q. You were sitting behind the driver's, (sic) wheel?
A. Yes.
Q. You had the keys to start the car, the truck, at that time?
 A. Yeah, they would have been on me. Tr. Trial, Aug. 9, 2000, at 53-54.
We find this testimony, by appellant, is sufficient to conclude that appellant was operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited concentration of alcohol in his breath. Based on this testimony, we do not find the trial court, in resolving conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice such that appellant's conviction should be reversed and a new trial ordered. Accordingly, the trial court's judgment is not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Licking County Municipal Court, Newark, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P.J., and Edwards, J., concur