The STATE of Ohio, Appellee,

v.

VANDERKOOI, Appellant. ■

[Cite as *State v. Vanderkooi* (1992), 82 Ohio App.3d 173.]

Court of Appeals of Ohio,
Crawford County.

No. 3-92-12.

Decided Sept. 4, 1992.

*Russell B. Wiseman,* Crawford County Prosecuting Attorney; and *J. Andrew Motter,* for appellee.

*Nancy A. Schilling,* for appellant.

HADLEY, Presiding Judge.

This is an appeal by defendant-appellant, Patricia A. Vanderkooi ("appellant"), from the judgment and sentencing of the Municipal Court of Crawford County, finding her guilty of driving under the influence, in violation of R.C. 4511.19(A)(1).

On August 23, 1991, appellant, her boyfriend, Ernie Martin, and a friend, Jimmie Reagan, were driving home from a wedding reception in Crestline, Ohio, in appellant's vehicle. Jimmie was driving the vehicle, as he had not been drinking and both appellant and Ernie had been drinking and were in no condition to drive. When Jimmie and Ernie left the reception, appellant was asleep in the back seat.

On the ride home, Jimmie and Ernie began to have words and Jimmie decided that he had enough of Ernie. Jimmie then stopped appellant's vehicle in the lane of traffic, approximately thirty feet from the stop sign on County Road 46. Jimmie then parked the vehicle, threw the keys to the appellant, who was still asleep in the back seat, and left to walk home.

After Jimmie had left, Ernie woke up appellant. Appellant climbed into the driver's seat and Ernie handed her a set of car keys. As appellant was attempting to start her vehicle with the keys Ernie had given her, Patrolman Greene pulled his patrol car behind appellant's vehicle and activated his lights.

When the patrolman approached the driver's door, he observed appellant trying to put a key into the ignition to start the vehicle. Upon speaking with appellant, Patrolman Greene noticed a strong odor of alcohol on her breath, bloodshot eyes, and that appellant's speech was slurred. Based on the general demeanor of appellant, the patrolman gave her several field sobriety tests and a portable breath test and concluded that she was under the influence of alcohol. Appellant was then arrested for driving under the influence and read her rights.

Because Ernie was not able to drive appellant's vehicle, the patrolman called for a tow truck to remove the vehicle, as it was parked in the roadway. The patrolman then went back to appellant's vehicle to retrieve her car keys from the backseat where he had observed them when he first approached the vehicle. Patrolman Greene then put the keys into the ignition of appellant's vehicle and determined that the key would start the vehicle and the vehicle was capable of movement.

Appellant was then transported to the station, where she was given a breath test resulting in a blood alcohol content of .182. Appellant was then cited for violating R.C. 4511.19(A)(1), driving under the influence, and R.C. 4511.66, prohibiting parking on the highway. Appellant filed a motion to suppress and dismiss, stating that she did not operate her vehicle as defined in R.C. 4511.19(A) and she did not park her vehicle upon the highway. Upon the trial court's overruling of appellant's motion, she entered into a plea negotiation with the prosecutor whereby appellant entered a plea of no contest to driving under the influence and the alleged violation of the prohibition against parking on the highway was dismissed.

Appellant now appeals from the judgment of the trial court in overruling her motion to suppress/dismiss and asserts the following sole assignment of error.

## Assignment of Error

"The trial court erred in denying the defendant-appellant's motion to suppress/dismiss for the reason that the defendant-appellant was not operating her vehicle since she did not have possession of her vehicle's ignition key."

Appellant asserts that in order to be operating a motor vehicle within the meaning of R.C. 4511.19(A), the ignition key must be on the person in the driver's seat or in the ignition. Since appellant did not have the right key in the ignition and did not know where her keys were, she was not operating a motor vehicle under the influence of alcohol.

In *State v. Cleary* (1986), 22 Ohio St.3d 198, 199, 22 OBR 351, 351, 490 N.E.2d 574, 575, the Ohio Supreme Court stated that a person in the driver's seat with the key in his possession indicating either his actual or potential movement of the vehicle can be found in violation of R.C. 4511.19(A)(1). As appellant's keys were within her reach from the driver's seat, she had possession of the ignition key. Therefore, there was a potential for movement of the appellant's vehicle.

Appellant cites two unreported cases in support of her assignment of error; however, both cases are distinguishable from the case *sub judice*. In *State v. Gilbert* (Dec. 29, 1989), Clermont App. No. CA89–05–028, unreported, 1989 WL 157164, the court held that the defendant could not be found in violation of driving under the influence, when the state did not provide positive proof that the key found on appellant was the ignition key and that the vehicle was capable of movement. Herein, the patrolman testified that he retrieved appellant's keys from plain view in the back seat. He then placed the key into the ignition of appellant's vehicle and started it and determined that the vehicle was capable of movement. Therefore, the state provided positive proof that the key in appellant's possession was the ignition key and she had the potential to operate her vehicle.

Appellant also cites *State v. Degler* (Feb. 21, 1990), Wayne App. No. 2491, unreported, 1990 WL 15200, in support for her assignment of error. The court in *Degler* stated that a person cannot operate a motor vehicle within the meaning of R.C. 4511.19 when the vehicle is incapable of motion due to a mechanical failure. Appellant asserts that since she was trying to start her vehicle with the wrong ignition key, the vehicle was incapable of movement. Appellant's argument is misplaced. The patrolman testified that upon starting appellant's vehicle, he determined that the vehicle was capable of motion.

Consequently, if appellant had put in the right ignition key, her vehicle was capable of movement.

This court recently held in *State v. Barger* (1992), 78 Ohio App.3d 451, 605 N.E.2d 409, that where the defendant is not asleep, in the driver's seat and has the ignition key in her possession, which indicated her potential movement of the vehicle, there was sufficient evidence to determine that the defendant operated a motor vehicle within the meaning on R.C. 4511.19. Because appellant was in the driver's seat and was attempting to start her vehicle and her keys were in plain view and in reach, she was operating a motor vehicle as prohibited by R.C. 4511.19(A)(1), as there was a potential for movement. Therefore, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.