The STATE of Ohio, Appellee,

v.

LEWIS, Appellant.

[Cite as *State v. Lewis* (1999), 131 Ohio App.3d 229.]

Court of Appeals of Ohio,
Third District, Union County.

Nos. 14–98–44 and 14–98–45.

Decided March 4, 1999.

230

R. *Larry Schneider*, Union County Prosecuting Attorney; *David W. Phillips III* and *John C. Heinkel*, for appellee.

*Donald R. Jillisky,* for appellant.

HADLEY, Judge.

These appeals are brought by Lloyd A. Lewis, Jr., appellant, from a judgment of the Municipal Court of Union County, Ohio, finding appellant guilty of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3), following a jury trial. On August 26, 1998, the trial court filed a judgment entry of conviction and sentence for the R.C. 4511.19(A)(1) charge only.

Appellant now appeals this judgment, asserting four assignments of error for our review.

## I

"The trial court erred as a matter of law in overruling Defendant–Appellant's motion for judgment of acquittal pursuant to Criminal Rule 29."

Crim.R. 29(A) states:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

When reviewing a decision on a motion for acquittal, we are to construe the evidence in the light most favorable to the prosecution. *State v. Wolfe* (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689, 690–691. If the evidence is such that reasonable minds could reach different conclusions as to whether each element of the crime was proven beyond a reasonable doubt, then the ruling denying the motion is proper. *Id.,* citing *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

The facts revealed at trial established that around 9:05 p.m. on May 28, 1998, Trooper John Payer of the Ohio State Highway Patrol was patrolling a rest area along U.S. Route 33 in Union County, Ohio, when he noticed appellant's vehicle legally parked, with its engine off and its door ajar. Trooper Payer examined the car and found that the hood was still warm from engine heat. In the driver's seat, appellant lay slumped back and asleep, his foot hanging out the driver's side door. The trooper awakened appellant to check on his condition. Noticing a strong alcohol odor in the vehicle, Trooper Payer asked appellant how much he had had to drink. Appellant responded that he had drunk "a few beers" in Dublin, Ohio, a city approximately twenty-five miles away, and that he had been

asleep for about a half hour. The trooper testified that appellant had glassy and bloodshot eyes and his speech was slow and slurred. Appellant was unsteady on his feet and subsequently failed all field sobriety tests. Trooper Payer placed appellant under arrest and escorted him to the Marysville patrol post, where he submitted to a breath-alcohol test. The result of the test indicated that appellant had .204 grams of alcohol per two hundred liters of his breath.

■ R.C. 4511.19(A)(1) provides that no person shall operate any vehicle within the state if the person is under the influence of alcohol or a drug of abuse. In his first assignment of error, appellant argues that no rational trier of fact could have found beyond a reasonable doubt the essential element of operation of a vehicle. Appellant points to the fact that he was found legally parked, asleep in his car, with the keys to the ignition in his pocket, as evidence that he was not operating the vehicle. We find that the evidence presented by the state at trial was such that reasonable minds could reach different conclusions as to whether the element of operation under R.C. 4511.19(A)(1) was proven beyond a reasonable doubt.

■ Each case involving the issue of operation must be decided on its own particular facts. *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 146, 38 O.O.2d 366, 369–370, 224 N.E.2d 343, 347–348; *State v. Shrader* (1997), 118 Ohio App.3d 221, 692 N.E.2d 628. However, we are guided in our determination of the issue by the Supreme Court of Ohio's decision in *State v. Cleary* (1986), 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574, which established:

"Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol * * * can be found in violation of R.C. 4511.19(A)(1)." *Id.* at 199, 22 OBR at 352, 490 N.E.2d at 575.

■ Operation has been found to include the situation where "[a]n intoxicated person * * * is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition" and the vehicle's motor running. *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115. It has also been found to encompass the situation where an occupant is sleeping in the driver's seat of a motor vehicle, the keys are in the ignition, but the motor is not running. *State v. Gill* (1994), 70 Ohio St.3d 150, 637 N.E.2d 897, syllabus. The key factor to determining whether a person is operating a motor vehicle is whether the person has the potential to move the vehicle. *State v. Barger* (1992), 78 Ohio App.3d 451, 454, 605 N.E.2d 409, 411.

Under this broad interpretation of the term "operate," a rational trier of fact could have found that appellant was operating his motor vehicle, given that he

had the potential to move the vehicle (the keys were in his possession) while he was under the influence of alcohol (as demonstrated by his failing performance of the field sobriety tests and his high breath-alcohol test result.) Alternatively, given the evidence of appellant's degree of intoxication and impairment, the warmth of the hood of his vehicle, and his statement that he had recently driven from Dublin, Ohio, to the rest area, reasonable minds could have concluded that appellant did in fact drive his vehicle while under the influence of alcohol. Viewing the foregoing evidence in the light most favorable to the state, we find that reasonable minds could reach different conclusions about whether appellant had violated R.C. 4511.19(A)(1) beyond a reasonable doubt. As a result, the trial court correctly denied appellant's motion for acquittal. Appellant's first assignment of error is overruled.

We will discuss appellant's remaining assignments of error out of their original sequence.

## II

"The jury's verdict finding the Appellant guilty of violating R.C. 4511.19(A)(1) is against the manifest weight of the evidence."

■ "Weight of the evidence" concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis *sic.*) *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546, quoting Black's Law Dictionary (6 Ed.1990) 1594.

■ "[I]n deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact." *Id.* at 390, 678 N.E.2d at 549 (Cook, J., concurring.); see *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

In this case, the jury had evidence before it, which, if believed, supports a guilty verdict on the charge of operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1). As we have previously discussed, there was evidence that appellant operated his vehicle in the state of Ohio and that he was intoxicated. While appellant attempts to argue that no evidence was

presented to show that he was intoxicated *at the time* he operated the vehicle, we find to the contrary.

The evidence was undisputed that at the time appellant was arrested, he had recently been drinking in Dublin, Ohio. He then proceeded to drive twenty-five miles to the rest area, where he was found highly intoxicated approximately thirty minutes later. If the jury believed that appellant was highly intoxicated at the time he was awakened by Trooper Payer, as his performance on field sobriety tests and the breath-alcohol test results indicate, the reasonable inference could be made that he was also impaired at the time he pulled into the rest area approximately a half hour earlier. Likewise, the jurors could clearly have found that appellant operated his vehicle while under the influence of alcohol if they believed operation occurred at the time appellant was found by Trooper Payer as he lay asleep in his car. At that time, appellant's operation of the vehicle was simultaneous with his exhibition of signs of intoxication. Given the foregoing, we find that the weight of the evidence supported the verdict. Appellant's third assignment of error is overruled.

### III

■ "R.C. 4511.19 violates the due process clause of the Fourteenth Amendment of the United States Constitution for vagueness when applied to a person seated behind the wheel of an automobile with the keys in his pocket and no function of the automobile activated."

In his second assignment of error, appellant argues that R.C. 4511.19(A)(1) is unconstitutionally vague.

■ There is a strong presumption in favor of the constitutionality of statutes. *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226–1227. The party challenging a statute must prove that it is unconstitutional beyond a reasonable doubt. *Id.; Hilton v. Toledo* (1980), 62 Ohio St.2d 394, 396, 16 O.O.3d 430, 431–432, 405 N.E.2d 1047, 1049. Moreover, where there is more than one possible interpretation of a statute, a court will construe the statute so as to save it from constitutional infirmities. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 56, 330 N.E.2d 896, 898–899.

■ The vagueness doctrine, which is premised on the Due Process Clause of the Fourteenth Amendment, requires a statute to give "fair notice of offending conduct." A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" or it encourages arbitrary and erratic arrests and convictions. *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115, quoting *United States v. Harriss* (1954), 347 U.S. 612, 617, 74 S.Ct. 808,

811–812, 98 L.Ed. 989, 996; *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 2–3, 472 N.E.2d 689, 690–691. Impossible standards of specificity are not required. "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan v. De George* (1951), 341 U.S. 223, 231–232, 71 S.Ct. 703, 708, 95 L.Ed. 886, 892.

At the heart of appellant's vagueness argument is a challenge to the Supreme Court of Ohio's interpretation of the word "operate" espoused in *State v. Cleary* and *State v. Gill, supra.*[1] In those cases, the Supreme Court stated that the term "operate" is broader than mere driving and includes the situation where a person is seated in the driver's seat of a vehicle "with the ignition key *in his possession* indicating either his actual *or potential* movement of the vehicle." (Emphasis added.) *Gill,* 70 Ohio St.3d at 153, 637 N.E.2d at 900, quoting *Cleary,* 22 Ohio St.3d at 199, 22 OBR at 351–352, 490 N.E.2d at 575. Appellant claims that the Supreme Court's interpretation of the word "operate" renders the statute vague because a plain reading of the statute would not put a person on notice that merely sitting (or sleeping) in the driver's seat of a parked car while intoxicated with the ignition key in the person's possession but not in the ignition constitutes operation for purposes of R.C. 4511.19(A)(1) or (3).

Justice Pfeifer shared appellant's concern in his dissent in *Gill,* stating:

"As we interpret drunk driving statutes, we must keep in mind that we are interpreting *criminal* statutes. The rule of statutory construction is that criminal statues shall be construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). Certainly, the majority does not follow that statutory mandate. Also, '[a] criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties * * *.' *Boyce Motor Lines v. United States* (1952), 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367, 371. R.C. 4511.19 certainly is not sufficiently definite to inform people that they may not listen to their car radio while intoxicated, when they possess no immediate intent to drive the vehicle. Drunk driving is a 'hot button' issue, but not so hot that the rules of statutory construction do not apply to intoxicated persons." (Emphasis *sic.*) *Gill,* 70 Ohio St.3d at 157, 637 N.E.2d at 902.

 The Supreme Court in *Cleary* and *Gill* seemingly overlooked the cardinal rule of statutory construction that requires that words and phrases in Ohio

---

1. In *Cleary,* the Supreme Court decided the issue of whether a person found intoxicated in the driver's seat of a parked vehicle with the key in the ignition and the engine running could be found to have operated the vehicle for purposes of a R.C. 4511.19(A)(1) and (3). In *Gill,* the facts before the court were similar to those in *Cleary,* except that the vehicle engine was not running. In both cases, the Supreme Court determined that the acts of the defendants were sufficient to constitute operation under the statute.

statutes be given their plain, ordinary meaning and be construed "according to the rules of grammar and common usage." R.C. 1.42. See, also, *State ex rel. Weich Roofing, Inc. v. Indus. Comm* (1990), 69 Ohio App.3d 281, 283, 590 N.E.2d 781, 782–783. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand." *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746.

We find no ambiguity in the legislature's use of the term "operate" in reference to a motor vehicle pursuant to R.C. 4511.19(A)(1). Although not defined in the statute, the ordinary definition of the term "operate" is "[t]o control the functioning of; run." American Heritage Dictionary (3 Ed.1992) 1268. Neither *Cleary* nor *Gill* mentions the dictionary definition of "operate," nor do they discuss whether the language used in R.C. 4511.19(A) is clear and unambiguous on its face. Instead, relying heavily on legislative intent, the Supreme Court concluded that the word "operate" is broader than the term "driving," and includes the situation where an intoxicated person is in the driver's seat of a car "with the ignition key in his possession indicating either his actual or potential movement of the vehicle." *Cleary*, 22 Ohio St.3d at 199, 22 OBR at 352, 490 N.E.2d at 575. Such a broad construction is necessary, according the Supreme Court, "to discourage persons from putting themselves in the position in which they can *potentially cause the movement of a motor vehicle* while intoxicated." (Emphasis added.) *Gill*, 70 Ohio St.3d at 154, 637 N.E.2d at 900. Thus, under *Cleary* and *Gill*, a violation of R.C. 4511.19(A)(1) occurs when one has the "potential" to become a drunk driver. See *Barger, supra*.

While we find this to be a tortured interpretation of the verb "operate," which according to its common definition requires some affirmative act of running or controlling the functioning of the vehicle, we must abide by the decision reached by the majority in *Cleary* and *Gill*. This court is not free to overrule a decision of the Supreme Court. Nor may we substitute our judgment for that of the Supreme Court on the issue of the proper interpretation of R.C. 4511.19 or whether the result is reasonable or unjust. Moreover, we must presume that the interpretation of the word operate is a reasonable construction of the word since the Supreme Court is bound to give a constitutional rather than an unconstitutional construction to a statute. *United Air Lines v. Porterfield* (1971), 28 Ohio St.2d 97, 100, 57 O.O.2d 288, 290, 276 N.E.2d 629, 632.

Finally, appellant has not demonstrated that R.C. 4511.19 is impermissibly vague in all of its applications. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495, 102 S.Ct. 1186, 1191–1192, 71 L.Ed.2d 362, 369–370. A person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* at 495, 102 S.Ct. at 1191, 71 L.Ed.2d at 369. As we have previously discussed,

there was circumstantial evidence in this case from which the jury could find appellant guilty of violating R.C. 4511.19(A)(1) for driving while intoxicated. The act of driving while intoxication falls squarely within the proscription of R.C. 4511.19(A)(1). For the foregoing reasons, we must overrule appellant's second assignment of error.

## IV

"The jury's verdict finding the Appellant guilty of violating R.C. 4511.19(A)(3) is against the manifest weight of the evidence."

■ We find that consideration of this assignment of error would not be proper. Violations of R.C. 4511.19(A)(1) and (A)(3) are allied offenses of similar import. *State v. Porter* (1992), 76 Ohio App.3d 798, 801–802, 603 N.E.2d 378, 380–381; *State v. Mendieta* (1984), 20 Ohio App.3d 18, 20, 20 OBR 19, 21–22, 484 N.E.2d 180, 183–184. According to R.C. 2941.25(A), "[w]here the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted on only one." See *Mendieta, supra.* Therefore, while appellant may be charged and found guilty of multiple allied offenses, he could be convicted and sentenced for only one offense.

The trial court's judgment entry reflected a finding of guilty for both charges without indicating which charge was the basis for the conviction. However, the court subsequently sentenced appellant for the R.C. 4511.19(A)(1) violation. We find this to be sufficient indication that appellant was convicted of the R.C. 4511.19(A)(1) violation only. Because only a conviction with the imposition of sentenced is a final appealable order, appellant's claim of error regarding the R.C. 4511.19(A)(3) charge, for which no conviction or sentence exists, is not properly before this court on appeal. *State v. George* (1994), 98 Ohio App.3d 371, 374, 648 N.E.2d 597, 599.

Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.