JOURNAL ENTRY AND OPINION
Appellant, Danny J. Clark, is appealing his conviction for operating a vehicle while under the influence of alcohol. For the following reasons, we affirm.
Officer Tinnerello was driving his patrol car on the Pleasant Valley road exit ramp from Interstate 77 northbound. He saw a tractor trailer parked on the right berm. Tinnerello had not seen the truck there 45 minutes ago, when he last checked the area. Tinnerello testified that the rear portion of the tractor trailer was in the traffic lane. The tractor trailer did not have its lights on and no flares were set up. When he pulled up to the front of the truck, he could not see anyone in the driver's seat.
Tinnerello parked his vehicle behind the truck with its lights flashing. He walked to the cab of the truck. Tinnerello saw appellant sitting behind the wheel. Appellant was wearing sweat pants and was not wearing a shirt. The keys were not in the ignition. The keys were later located in the sleeping compartment in a jeans pocket. The sleeper area is located behind the driver's seat and to the right.
Appellant said he had pulled over to sleep. Tinnerello noticed a strong odor of alcohol on appellant's breath. Appellant stated that he had too much alcohol to drive.
Tinnerello called Officer Walsh for back-up. The officers performed various sobriety tests on appellant, which he failed. Appellant refused the Breathalyzer test.
Tinnerello measured the distance from the guardrail to the white line that separated the berm from the lane. It measured seven feet, seven inches. There was testimony that the average car is eight feet wide. Tinnerello testified that parking is not permitted on the ramp.
Officer Walsh testified that appellant's vehicle was blocking the roadway. Vehicles had to drive off the berm to drive around the tractor trailer. The oversized tow truck which came to tow appellant's trailer had to drive onto the grass. Walsh did not find any evidence showing that appellant was drinking in the vehicle.
Mark Rabowski testified that he towed appellant's vehicle using an oversized tow truck. He did not have any problem getting around appellant's vehicle. He did not have to drive on the grass. Appellant's vehicle may have been over the white line that separates the berm from the traffic lane. Rabowski could not tell, because the police car was parked behind appellant's vehicle.
Rabowski stated that he attempted to start the truck, but it sounded like the battery was dead. Appellant told him that if the vehicle sits for a while, the batteries can go dead. Rabowski did not look to see if a kill switch had been activated.
 I.
Appellant's first assignment of error states:
 THE JUDGMENT OF THE TRIAL COURT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520, State v. Jenks (1991), 61 Ohio St.3d 259 . Appellant contends there was not sufficient evidence that he operated a motor vehicle while intoxicated.
Operate as used in R.C. 4511.19 is a broader term than driving. State v. Gill (1994), 70 Ohio St.3d 150. A person is operating a motor vehicle when he has the potential to cause it to move. Id. A person sitting in the driver's seat, who can access the keys without leaving the vehicle, is operating the car. See State v. Vanderkooi (1992), 82 Ohio App.3d 173
(keys in backseat). Possession of the key is sufficient. The key need not be in the ignition. City of Broadview Heights v. Soukup (Mar. 10, 1994), Cuyahoga App. No. 64918, unreported; State v. Jenkins (1991),75 Ohio App.3d 63; see also City of Bedford Heights v. Smullen (Jun. 9, 1994), Cuyahoga App. No. 66460, unreported, but see State v. Warner (Sep. 30, 1992), Portage App. No. 92-P-0009, unreported (Person in the driver's seat with the keys on the seat is not operating the vehicle.) In this case, the key was located in the sleeping compartment. Appellant had access to the key and had the potential to operate the vehicle.
Some jurisdictions have held that if a person is asleep and the keys are not in the ignition, but the keys are somewhere in the vehicle, the person is not operating the vehicle. State v. Shrader (1997),118 Ohio App.3d 221, State v. Imler (Dec. 31, 1997), Montgomery App. No. 16356, unreported; State v. Kincaid (1992), 83 Ohio App.3d 341. It has also been held that a person who is asleep and has possession of the keys is operating the vehicle, even if the keys are not in the ignition. State v. Lewis (1999), 131 Ohio App.3d 229. In this case, the police found appellant awake and seated in the driver's seat. The case law concerning a sleeping or unconscious driver does not apply here.
Appellant asserts that he did not have the potential to operate the tractor trailer, because the tractor trailer was not operable. Operability is a defense for which the defendant has the burden of proof. See Mackie, supra. Mark Rabowski testified that the tractor would not start, and it sounded like a dead battery. Rabowski did not look to see if a kill switch had been activated. The jury could have determined that appellant failed to show the vehicle was inoperable.
Even if there was insufficient evidence that appellant was operating the vehicle when the police arrived, there were facts proving that appellant was intoxicated when he parked the vehicle on the ramp. Circumstantial evidence can demonstrate that the defendant was intoxicated when he drove the truck into its current position. See Lewis, supra; State v. Mackie (1998), 128 Ohio App.3d 167; Metroparks v. Pannent (Sep. 23, 1999), Cuyahoga App. No. 74448, unreported. Appellant was parked in a no parking area, and was partially parked on the road. See State v. Baker (Dec. 8, 1999), Licking App. No. 99CA00047, unreported. Appellant parked in this manner, knowing that the battery would go dead if the vehicle was turned off. Appellant did not set up any flares. Appellant said he was too drunk to drive. Although appellant may have been parked on the ramp for forty-five minutes, appellant's statements and the manner in which he parked his vehicle indicate he was intoxicated when he parked. Cf. City of Columbus v. Seabolt (1992),79 Ohio App.3d 234. A jury could find beyond a reasonable doubt that appellant was intoxicated when he parked the vehicle.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison (1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61, State v. DeHass (1967), 10 Ohio St.2d 230.
Appellant asserts that the testimony of the officers that appellant was blocking the road was contradicted by Rabowski's testimony. Rabowski testified that appellant's vehicle could have been parked in the traffic lane. Rabowski's testimony does not contradict the testimony of the officers.
Appellant asserts that Officer Tinnerello's testimony was not credible because he could not remember whether appellant asked for a lawyer, could not remember if the key was accessible to appellant from the driver's seat and the police report did not contain appellant's statement, Come on guys, at least I had enough sense to pull over. Officer Walsh could not recall the date of the arrest or whether appellant was wearing a shirt. Appellant also points out that the officers' testimony was self-serving, because they wanted to help the State obtain a conviction.
The officers related the relevant facts and their testimony was consistent. Their testimony was not incredible, unreliable, uncertain, fragmentary, and the officers were not impeached. The officers' inability to recall a few minor details did not undermine their credibility to the extent that the jury lost its way in finding the officers' credible.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO GIVE DEFENDANT'S PROPOSED JURY INSTRUCTION REGARDING THE DEFINITION OF THE TERM OPERATE.
The court's instructions to the jury on the definition of operate included all the points in appellant's requested instructions except the following:
 Operate includes a person who is in the driver's seat with the ignition key in the ignition whether or not the engine of the vehicle is running.
Appellant's proposed instruction did not state that the key had to be in the ignition in order for appellant to be operating the vehicle. If appellant's instruction stated that the key had to be in the ignition, this would be an incorrect statement of law, as discussed above. See State v. Vanderkooi (1992), 82 Ohio App.3d 173; City of Broadview Heights v. Soukup (Mar. 10, 1994), Cuyahoga App. No. 64918, unreported; State v. Jenkins (1991), 75 Ohio App.3d 63; State v. Lewis (1999),131 Ohio App.3d 229. Omission of this instruction was not prejudicial to appellant.
The jury asked a question whether the position of the keys had any bearing on the charge. The judge said that it was for the jury to determine whether the location of the keys had a bearing or not on whether appellant could do an act to get the vehicle started. This instruction was essentially correct.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO INCLUDE MR. CLARK'S PROPOSED JURY INSTRUCTION REGARDING THE REQUIREMENT THAT THE STATE ESTABLISH THAT MR. CLARK WAS OPERATING HIS VEHICLE DURING THE PERIOD IN WHICH HE WAS UNDER THE INFLUENCE OF ALCOHOL.
Appellant asserts the trial court should have included his proposed instruction that:
 Chronology is an important issue in the present case. If the State has failed to meet its burden of proof to you beyond a reasonable doubt that Mr. Clark operated his vehicle while at the same time being under the influence you must return with a verdict of not guilty.
The jury was instructed that in order to find appellant guilty, they must find that Defendant operated a motor vehicle while under the influence of alcohol. This statement conveyed to the jury the same substance as appellant's requested instruction, which is all that is required. See State v. Broom (1988), 40 Ohio St.3d 277, 289.
Accordingly, this assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
 MR. CLARK WAS DENIED DUE PROCESS WHEN THE TRIAL COURT CONDUCTED A TRIAL THAT WAS FUNDAMENTALLY UNFAIR.
Appellant argues that his trial was not fair because: (1) the trial judge allowed the prosecutor to ask leading questions, over objection; (2) the judge scolded defense counsel for failing to stand when objecting; (3) the tape recording of the proceedings was not adequate.
Appellant has not shown that any testimony was obtained by the leading questions, which evidence was not otherwise properly obtained during the trial. Neither did appellant demonstrate that the trial court's remarks to defense counsel resulted in prejudice. See State v. Wade (1978),53 Ohio St.2d 182.
Crim.R. 22 provides that proceedings in serious offense cases shall be recorded by any adequate electronic or mechanical device. Appellant contends the audiotape was not adequate because the bailiff kept turning off the machine. While the transcript indicates that some words were inaudible to the transcriber, the record does not indicate that the bailiff was turning off the machine during testimony. Appellant does not say what is missing from the record, or demonstrate that these omissions prejudiced him.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., AND *JOYCE J. GEORGE, J., CONCURS.
 _______________ ANN DYKE, JUDGE
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.