DECISION
Patricia A. Fleming, defendant-appellant, appeals a decision of the Franklin County Municipal Court. Appellant was found guilty of operating a vehicle while under the influence of alcohol pursuant to R.C.4511.19(A)(1).
On January 18, 2001, appellant was stopped by a Sharon Township police officer based upon an anonymous report to the police of a possible drunk driver. The anonymous caller also reported to the police appellant's license plate number. When the officer approached appellant, she was seated in the driver's seat of her vehicle, the vehicle was parked, and the engine was running. No evidence was submitted showing that appellant was driving the vehicle. After appellant stepped out of her vehicle, the officer determined that appellant was under the influence of alcohol.
Appellant was charged with operating a vehicle while under the influence of alcohol pursuant to R.C. 4511.19(A)(1). On July 30, 2001, appellant filed a motion to dismiss arguing that the factual allegations against her did not constitute an offense under R.C. 4511.19(A)(1) consistent with the Due Process Clause of the United States Constitution. Appellant claimed that the meaning of the term "operation of a motor vehicle" was unconstitutionally overbroad and/or vague. The trial court denied appellant's motion to dismiss. Thereafter, appellant pled no contest to the charges and the trial court found appellant guilty of violating R.C. 4511.19(A)(1). Appellant appeals her conviction, and presents the following assignment of error:
 The Trial Court Erred In Failing To Find That O.R.C. 4511.19 Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution For Vagueness And Over Breath When Applied To A Person Seated In Automobile Which Is Legally Parked On Private Property, Has Not Been Recently Driven And The Driver Possessed No Immediate Intent To Drive The Vehicle.
Appellant argues in her single assignment of error the trial court erred when if did not find R.C. 4511.19 violated the Due Process Clause of the United States Constitution. Appellant claims that ordinary citizens are not capable of determining the plain meaning of "operating a motor vehicle" as it has been interpreted by the Ohio Supreme Court.
R.C. 4511.19(A)(1) states that no person shall operate any vehicle within the state when the "person is under the influence of alcohol * * *." The Ohio Supreme Court has distinguished between "operating" a motor vehicle and "driving" a motor vehicle. "Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol * * * can be found in violation of the statute." State v. Cleary (1986), 22 Ohio St.3d 198, paragraph one of the syllabus. The court reasoned that "[a] clear purpose of R.C. 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated." State v. Gill (1994), 70 Ohio St.3d 150, 154. Therefore, using the reasoning of the Ohio Supreme Court in Cleary and Gill, the stipulated facts in the present case support the trial court's finding that appellant was "operating" a vehicle while intoxicated pursuant to R.C. 4511.19.
Appellant argues that the application of Cleary and Gill to the present case demonstrates that R.C. 4511.19 is constitutionally overbroad and/or vague. A statute is overbroad when the scope of the statute is so broad that it includes activity which would otherwise be legal. Columbus v. Bricker (1998), 131 Ohio App.3d 675, 679. The activities appellant argues in her brief "would otherwise be legal" but for the alleged overbroad scope of the statute are appellant being intoxicated while seated behind the steering wheel of a parked vehicle with the vehicle running. "A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden, or if the statute encourages arbitrary and discriminatory enforcement." State v. Moore (2000), Summit App. No. 19544, discretionary appeal not allowed, 90 Ohio St.3d 1403, following Kolender v. Lawson (1983), 461 U.S. 352, 357, 103 S.Ct. 1855.
Appellant does not argue that the language of R.C. 4511.19 encourages arbitrary and discriminatory enforcement. However, appellant argues that in order to understand the phrase "operation of a vehicle" as interpreted by the Ohio Supreme Court, "a person needs a law degree, a current lexis printout, a map of judicial districts and probably a crystal ball to try and guess what the term `operate means.'" However, "[t]here is no ambiguity in the legislature's use of the term `operate' in reference to operation of a motor vehicle while intoxicated, as prohibited by R.C.4511.19(A)." Logan v. Russell (2000), Hocking App. No. 99CA7. The verb operate according to its common definition "requires some affirmative act of running or controlling the functioning of the vehicle * * *." State v. Lewis (1999), 131 Ohio App.3d 229, 237.
In the present case, the evidence shows that appellant acted affirmatively in order to run or control the functioning of her vehicle. By sitting in the driver's seat of the vehicle (as opposed to being seated in a different seat within the vehicle) while the engine was running, appellant was in control of the vehicle. A person of ordinary intelligence could conclude that sitting in the driver's seat of a vehicle with the engine running is "operating" of the vehicle. Additionally, "we must presume that the interpretation of the word operate is a reasonable construction of the word since the [Ohio] Supreme Court is bound to give a constitutional rather than an unconstitutional construction to a statute." Id. Therefore, we find that R.C. 4511.19 as applied to the present case is not unconstitutionally overbroad and/or vague because appellant had fair notice that her contemplated conduct was forbidden.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.