OPINION
{¶ 1} Appellant Todd Rolf appeals the decision of the Licking County Court of Common Pleas, which found him guilty of driving under the influence of alcohol.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On July 19, 2002, Officer Lewis of the Newark Police Department initiated a traffic stop of Appellant because Appellant was driving too closely to the vehicle in front of him. (T. at 18). Upon learning that Appellant's driver's license was suspended, Officer Lewis placed Appellant under arrest. (T. at 19). The officer noticed a "very strong odor of alcoholic beverage" on Appellant and further noticed that his speech was slurred. (T. at 20-22). Upon arriving at the Newark Police Department, Appellant was requested to perform field sobriety tests. (T. at 22-26). Based on Appellant's performance on these tests, Officer Lewis determined that Appellant was under the influence of alcohol or a drug of abuse. (T. at 25).
 {¶ 3} On July 26, 2002, Appellant was indicted on one count of felony Driving Under the Influence of Alcohol and one count of Driving Under Suspension. (It is stipulated that Appellant had been convicted of DUI three times within six years preceding the instant offense).
 {¶ 4} On October 11, 2002, after appellant having waived his right to a trial by jury, this matter proceeded to a bench trial resulting in appellant being found guilty as charged. Appellant entered a No Contest plea to the count of Driving Under Suspension prior to the commencement of trial.
 {¶ 5} On November 7, 2002, the trial court sentenced Appellant to a term of nine months imprisonment on the DUI count. The sentence on the misdemeanor count of Driving Under Suspension was to be served concurrently.
 {¶ 6} It is from this decision which Appellant appeals, assigning the following error for review:
ASSIGNMENT OF ERROR
 {¶ 7} "The trial court committed harmful error in finding the defendant-appellant guilty of felony driving under the influence of alcohol as the conviction of the defendant-appellant is not supported by credible evidence sufficient to sustain or warrant same."
 {¶ 8} In his sole assignment of error, Appellant argues that the trial court erred in finding him guilty of driving under the influence. We disagree.
 {¶ 9} We interpret appellant's claim as one based on the issue of sufficiency of the evidence. In considering an appeal concerning the sufficiency of the evidence, our standard of review is as follows: " * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 10} It is based on this standard that we review appellant's sole assignment of error.
 {¶ 11} In State v. Barrett (Feb. 26, 2001), Licking app. No. 00CA-47, this Court held that observation of impaired driving is not necessarily a prerequisite to a conviction for DUI. See State v.Whitaker (Aug. 9, 2000), Licking App. No. 99CA140, unreported (citingState v. Lewis (1999), 131 Ohio App.3d 229, 722 N.E.2d 147). In Barrett, we stated:
 {¶ 12} " R.C. 4511.19(A)(1) requires evidence that the driver is "is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse". In Toledo v. Starks (1971), 25 Ohio App.2d 162, the court defined the term "under the influence" as follows: ". . . the condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." Id. at 166."
 {¶ 13} The field sobriety tests evaluate one's coordination and movements so as to indicate whether one's action, reactions, conduct movement or mental processes are impaired to an appreciable degree so as to demonstrate if one is "under the influence" to a degree to impair one's ability to drive a motor vehicle.
 {¶ 14} In the case sub judice, the trial court heard testimony as Appellant following too closely to the car traveling in front of him, the strong odor of alcohol, slurred speech and poor performance on the field sobriety tests.
 {¶ 15} Based on the foregoing, we find that there was sufficient evidence for the trial court to find that Appellant was driving under the influence.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} The decision of the Licking County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J. and Edwards, J. concur.