OPINION
{¶ 1} Defendant-appellant, Nathan Haskell ("Haskell"), appeals from the judgment of conviction and sentence of the Common Pleas Court of Seneca County entered on a jury verdict in which defendant was found guilty of one count of Intimidation, in violation of R.C. 2921.03(A), a felony of the third degree. For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On November 24, 2002, Haskell was arrested by a Seneca County Sheriff's deputy. To summarize, when Haskell was taken into custody he was uncooperative, acted unruly, kicked and flailed his legs, spit and made a threat to Deputy Mark Lawson. On December 11, 2002, Haskell was indicted by the Seneca County Grand Jury for Retaliation and Harassment by an Inmate. Because the state later found that Retaliation was not the correct charge, the state filed a motion to dismiss the indictment. The state's motion was granted and the indictment was dismissed without prejudice. Thereafter, on March 12, 2003, Haskell was once again indicted by the Seneca County Grand Jury for one count of Intimidation in violation of R.C. 2921.03(A), a felony of the third degree, and two counts of Harassment by an Inmate in violation of R.C. 2921.38(A), felonies of the fifth degree. Haskell entered pleas of not guilty and the matter proceeded to a jury trial.
 {¶ 3} During the jury trial, several officers testified that Haskell was disorderly during booking and that after booking was completed and Haskell had been placed in the jail cell, Haskell threatened Deputy Lawson by stating that "Deputy Lawson better have eyes in the back of his head" because Haskell was going to "hunt Deputy Lawson and his family down with an AK-47 rifle and kill them."
 {¶ 4} Haskell was convicted on Count One of the indictment, Intimidation, in violation of R.C. 2921.03(A), and was sentenced to three years in prison. As to the two remaining counts of Harassment by an Inmate, Count Two was dismissed by the state and appellant was found not guilty on Count Three.
Haskell now appeals the judgment of the trial court and sets forth five assignments of error for our review. For clarity of analysis, Haskell's third and fifth assignments of error are discussed together.
 ASSIGNMENT OF ERROR NO. I The evidence is insufficient to support a conviction underO.R.C. 2921.03(A) because the state failed to prove any nexusbetween the threat of force and the discharge of the person'sduty.
 {¶ 5} Intimidation, as defined by R.C. 2921.03(A) provides, in pertinent part, that "[n]o person, knowingly and by force, by unlawful threat of harm to any person * * * shall attempt to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty." Emphasis added. In this assignment of error, Haskell asserts that because the state failed to prove a nexus between the threat of force and some actual interference in the discharge of Deputy Lawson's duties, the state did not prove beyond a reasonable doubt all of the elements of Intimidation.
 {¶ 6} "A reviewing court will not reverse a jury verdict when there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Seiber (1990)56 Ohio St.3d 4, 13, quoting State v. Eley (1978), 56 Ohio St.2d 169, syllabus; citation omitted.
 {¶ 7} In his brief to this court, Haskell concedes that R.C.2921.03 was designed to protect material witnesses and to protect officers in the performance of their duties. Haskell, however, maintains that in order to prove a violation of R.C. 2921.03, the state must prove that the threat of harm to the officer, in this case Deputy Lawson, actually intimidated, hindered, or influenced the performance of the officer's duties. It is clear from the record and from witness testimony that Haskell did in fact threaten Deputy Lawson by stating that he was going to "hunt down and kill" both Lawson and Lawson's family.
 {¶ 8} Haskell, however, specifically maintains that because he made the threat toward Deputy Lawson and the Deputy's family only after the conclusion of the booking process, Deputy Lawson could not have been hindered in the performance of his duties. Hence, the elements of Intimidation cannot be proven beyond a reasonable doubt.
 {¶ 9} Haskell's assertion fails for two reasons. First, "R.C.2921.03(A) requires only an `attempt' to influence, intimidate, or hinder; it is not necessary to establish that the officer was actually prevented from doing a particular task." State v.Myers, 3d Dist. No. 7-99-05, 2000-Ohio-1677, citation omitted; emphasis added. Therefore, the state was only required to establish that Haskell knowingly attempted to influence, intimidate, or hinder Deputy Lawson in the performance of his duties, not that Haskell's conduct actually intimidated, hindered, or influenced the performance of Deputy Lawson's duties.
 {¶ 10} Second, although Haskell made his threat after he had been completely booked and behind bars and, thus, was not an immediate threat to Deputy Lawson, the duties of Lawson in the case were not yet complete. Lawson's involvement in the detention and booking of Haskell gave rise to a strong likelihood that Deputy Lawson would later be required to act as a witness against Haskell in any criminal proceeding stemming from the incident. In fact, Deputy Lawson was required to testify against Haskell knowing that Haskell threatened to kill Lawson and Lawson's family.
 {¶ 11} Based upon the foregoing, there is substantial evidence upon which the jury could reasonably conclude that all the elements of Intimidation were proven beyond a reasonable doubt. Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred by denying a Rule 29 motion foracquittal at the close of the state's case.
 {¶ 12} "The decision of the trial court to deny a motion for judgment of acquittal pursuant to Crim.R. 29(A) based on the sufficiency of the evidence will be upheld if, after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational fact finder could have found the essential elements of the charge proven beyond a reasonable doubt." State v. Myers, 3d Dist. No. 7-99-05, 2000-Ohio-1677, quoting State v. Dennis (1997), 79 Ohio St.3d 421, 430. "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Seiber (1990), 56 Ohio St.3d 4, 13, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
 {¶ 13} The basis of Haskell's assignment of error herein is that because the state failed to prove beyond a reasonable doubt an essential element of the Intimidation charge, i.e., hindrance in the performance of Deputy Lawton's duties, the trial court erred by denying Haskell's Crim.R. 29 acquittal motion. Appellant's assignment of error is without merit. As reviewed in Haskell's first assignment of error, there was sufficient evidence from which the jury could conclude all of the elements of Intimidation had been proven. Thus, we conclude that the trial court did not err in denying defendant's Crim.R. 29 motion. Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III Trial counsel rendered ineffective assistance of counsel infailing to preserve issues for appeal and in failing to renew hisrequest for a Rule 29 acquittal at the close of the state's caseagain at the close of defendant's case and after the juryrendered its verdict.
 ASSIGNMENT OF ERROR NO. V The court erred in failing to instruct the jury on the elementof ". . . in the discharge of the person's duty," of the offenseof intimidation under O.R.C. 2923.01(A) [sic, 2921.01(A)], whenthe same needed to be proven beyond a reasonable doubt.
 {¶ 14} A two-part test is utilized for determining whether a criminal defendant has been denied the effective assistance of counsel. The test first requires a defendant to show that his attorney's performance fell below an objective standard of reasonableness. Strickland v. Washington (1984), 466 U.S. 668. In considering this prong of the test, appellate courts are to afford a high level of deference to the performance of trial counsel. State v. Bradley (1989), 42 Ohio St.3d 136, 142. We note that attorneys licensed by the State of Ohio are presumed to provide competent representation. State v. Jones, 3d Dist. No. 02-2000-07, 2000-Ohio-1879, citing State v. Hoffman (1998),129 Ohio App.3d 403, 407. Second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland at 694. This prong requires a probability sufficient to undermine the confidence in the outcome of the trial. See State v. Hill, 3d Dist. No. 11-03-07, 2003-Ohio-5123.
 {¶ 15} Haskell asserts that his trial counsel was ineffective because counsel: (1) failed to request a jury instruction specifically defining the element of "in the discharge of a person's duty" as found in R.C. 2921.03(A); and (2) by failing to renew a Rule 29 motion for acquittal both at the close of all the evidence and again after the jury rendered its verdict. In his fifth assignment of error, Haskell additionally asserts that the trial court plainly erred by failing to provide further instruction to the jury sua sponte on the meaning of the term "in the discharge of the person's duty."
 {¶ 16} "After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder. (Crim.R. 30 [A], construed.)." State v. Comen (1990), 50 Ohio St.3d 206, at paragraph two of the syllabus. On the charge of Intimidation in the case sub judice, the jury was instructed as to the meaning of the words "threat," "intimidation," and "public servant" as found in R.C. 2921.03(A). However, the jury was not given further instruction on the term "in the discharge of the person's duty." Haskell's trial counsel neither submitted a proposed jury instruction regarding this phrase nor otherwise raised this issue.
 {¶ 17} We find that further instruction of the phrase, however, was not necessary to enable the jury to properly weigh the evidence and perform its function as fact finder. Because the meaning of the phrase "in the discharge of the person's duties" is clear to a person of ordinary intelligence, the trial court did not err in failing to include a jury instruction on its own accord. And, because we find that further instruction on the term "in the discharge of a person's duty" as found in R.C. 2921.03(A) was unnecessary, any failure by Haskell's trial counsel to submit such a jury instruction to the court is not indicative of ineffective performance. Moreover, appellant has made no showing that if such a proposed instruction had been included the result of the proceeding would likely have been different.
 {¶ 18} Haskill further contends that the motion for acquittal under Crim. R. 29, which was properly denied by the trial court at the close of the state's case, should have been renewed both at the close of the defendant's case and after the jury verdict. Failure to do so, Haskill argues, amounted to ineffective assistance of counsel.
 {¶ 19} The discussion relating to the motion for acquittal in our analysis under appellant's Third Assignment of Error, supra, is applicable here, as well. Haskill does not point us to any place in the transcript where such evidence was admitted following the close of the state's case that would alter our conclusion that there had been sufficient evidence presented to the jury such that reasonable minds could reach different conclusions. Thus, we conclude that had Haskill's trial counsel renewed the motion for acquittal either at the close of defendant's case or after the jury rendered its verdict, there was no reasonable probability that counsel's motion would have been granted. Failure to offer a motion for acquittal for which no reasonable grounds exist is not ineffective assistance of counsel.
 {¶ 20} Accordingly, appellant's third and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. IV O.R.C. 2921.03(A) is unconstitutional because it is vague andlacks specificity, both on its face and as applied to appellant.U.S. Const. Amend. V, XIV; O.R.C. 2921.03(A).
 {¶ 21} There is a strong presumption in favor of the constitutionality of statutes. State v. Lewis (1999),131 Ohio App.3d 229, 235, citing State v. Anderson (1991),57 Ohio St.3d 168. The party challenging a statute must prove that it is unconstitutional beyond a reasonable doubt. Id., citation omitted. Moreover, where there is more than one possible interpretation of a statute, a court will construe the statute so as to save it from constitutional infirmities. Id., citing Statev. Sinito (1975), 43 Ohio St.2d 98, 101.
 {¶ 22} The vagueness doctrine, which is premised on the Due Process Clause of the Fourteenth Amendment, requires a statute to give "fair notice of offending conduct." State v. Lewis (1999),131 Ohio App.3d 229, 235. A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" or it encourages arbitrary and erratic arrests and convictions. Id., quoting Papachristou v. Jacksonville (1972), 405 U.S. 156, 162, quoting United States v. Harriss (1954), 347 U.S. 612, 617;State v. Tanner (1984), 15 Ohio St.3d 1, 3. Impossible standards of specificity are not required. "[t]he test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Lewis at 236, quoting Jordan v. De George (1951),341 U.S. 223, 231-232. The cardinal rule of statutory construction that requires that words and phrases in Ohio statutes be given their plain, ordinary meaning and be construed "according to the rules of grammar and common usage." Lewis at 237, citing R.C. 1.42; citation omitted. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand" Id., quoting Kneisleyv. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354, 357.
 {¶ 23} In short, Haskell asserts that R.C. 2921.03(A) does not properly inform a person of the acts to avoid criminal liability. We do not find that the statute in question, R.C.2921.03(A), lacks the specificity necessary to inform a person of average intelligence of what kind of conduct is prohibited by the statute.
 {¶ 24} Appellant's fourth assignment of error is, therefore, overruled.
 {¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J. and Bryant, J., concur.