{¶ 16} I respectfully disagree with the majority's conclusion that this Court lacks jurisdiction to hear this appeal. I, therefore, respectfully dissent from the dismissal of the instant matter.
 {¶ 17} Initially, I note that we are not presented with a case in which the trial court failed to consider counts for which appellant was found guilty. Rather, the trial court explicitly sentenced appellant on each count for which he was convicted. The majority, however, concludes that the trial court's entry does not impose sentence despite stating the following:
 "IT IS FURTHER ORDERED that no court costs or fines be imposed as to Counts 7 and 8 of the Indictment."
I would assert that the above language imposes a fine of $ 0 — a fine which is not prohibited by the plain language of R.C. 2901.02(G) which provides for a fine "not exceeding one hundred fifty dollars." See, e.g., DeJesus v. Dejesus, 9th Dist. No. 06CA008935, 2007-Ohio-678
(distinguishing between no child support order *Page 13 
and order of support requiring payment of $ 0). I would follow our analogous cases in the domestic relations setting and find that a fine of $ 0 is a sentence and distinguishable from a trial court's order not imposing sentence.
 {¶ 18} Assuming arguendo that the trial court has not imposed a sentence on every count, I still cannot agree with the majority's resolution of this matter. As the majority hints, this Court has been less than consistent with its jurisprudence on piecemeal appeals in the criminal context and, in fact, has issued opinions on both sides of this issue in the recent past. See e.g., State v. Deshich (Feb. 2, 2000), 9th Dist. No. 2952-M; Akron v. Smith (Feb. 9, 2000), 9th Dist. No. 19517;State v. McClinton (May 17, 2000), 9th Dist. No. 99CA007363; State v.Hayes (May 24, 2000), 9th Dist. No. 99CA007416; State v. Hoelscher, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531 (each holding that piecemeal appeals are not permissible in the criminal context). See contra, e.g.,State v. Bennett (Apr. 24, 2002), 9th Dist. No. 01CA0040; State v.Williams, 9th Dist. No. 23176, 2007-Ohio-622 (holding that only those convictions lacking a sentence should be dismissed and that the remaining convictions with sentences are properly before this Court). It appears that this is primarily true because our prior precedents never contained an in-depth analysis of our jurisdiction. I further write to note that Williams, was not an anomaly. First, other districts have permitted piecemeal appeals. See, e.g., State v. Lewis (1999),131 Ohio App.3d 229 (the Third District); State v. George (1994),98 Ohio App.3d 371 (the Twelfth District); *Page 14 Coshocton v. James (Oct. 29, 1990), 5th Dist. No. 90-CA-6; State v.Kutscher, 5th Dist. No. 2002CA00205, 2003-Ohio-1696 (citing James);State v. Cardinal, 10th Dist Nos. 05AP-992, 05AP-993, 05AP-994,2006-Ohio-5088. Indeed, this review of other districts indicates that they too have been less than consistent on this issue. While the Fifth and Tenth Districts have previously rejected piecemeal appeals, the most recent pronouncements from those Courts on the issue, Kutscher andCardinal permitted such appeals. As such, prior to the issuance of the instant appeal, the Third, Fifth, Tenth and Twelfth Districts shared this Court's view in Williams, while only the First, Fourth, Eighth, and Eleventh District held opposing views. Upon a thorough review, it appears that the Second, Sixth, and Seventh Districts have not addressed this issue. Accordingly, until the issuance of this opinion,Williams was the majority view in this State.
 {¶ 19} Moreover, unlike this Court's prior precedent on this issue,Williams contained an analysis of why this Court could hear the appeal despite the trial court's failure to dispose of every charge. Specifically, Williams relied upon a recent Ohio Supreme Court decision,State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245. Upon review, it appears that Williams is the sole case in this State to have utilized the most recent decision of the Ohio Supreme Court to support piecemeal appeals. For the reasons that follow, I believe that Williams was correctly decided and I would adhere to that decision. *Page 15 
 {¶ 20} This Court has repeatedly held that in order for us to have jurisdiction over a criminal appeal, the entry must satisfy R.C. 2505.02
and Crim.R. 32(C). See, e.g., State v. Miller, 9th Dist. No. 06CA0046-M,2007-Ohio-1353. Initially, I note that Crim.R. 32(C) provides that "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." It is undisputed that the journal entry appealed from complied with Crim.R. 32(C).
 {¶ 21} The majority, however, asserts that a conviction and sentence does not meet the definition for a final order contained in R.C. 2505.02
because the term "action" applies to the entirety of the action. I respectfully disagree with this assertion.
 {¶ 22} In Saxon, the Ohio Supreme Court held as follows:
 "1. A sentence is the sanction or combination of sanctions imposed for each separate, individual offense.
 "2. The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or sentences.
 "3. An appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." Saxon at paragraphs one through three of the syllabus.
Succinctly stated, the trial court cannot attempt to form an aggregate sentence and haphazardly assign sentences to each offense. Each sentence must be considered and issued on the merits of a specific conviction. This holding makes clear that *Page 16 
every sentence issued by a trial court is independent and that each sentence is separate and apart from any other sentence issued by the trial court and may not be in any manner dependent upon those other sentences. If this holding was in doubt, the Supreme Court has since reiterated that holding:
 "In Saxon, we concluded that the `sentencing package' doctrine has no application in Ohio for two reasons. First, the `sentencing package' doctrine ignores the sentencing scheme set forth by the Revised Code, which provides a particular, independent sanction or range of sanctions for each offense and does not authorize a trial court at sentencing to consider multiple offenses together." (Emphasis added.) State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861, at ¶ 12.
I agree with the majority that Saxon did not decide the precise issue before this Court. The majority, however, makes the ability to review a sentence, deemed independent by the Ohio Supreme Court,dependent on other sentences issued by the trial court. As this holding runs directly contrary to the policy espoused in Saxon, I cannot join the majority.
 {¶ 23} Moreover, my interpretation of R.C. 2505.02 is consistent with this Court's precedent that the statute and Crim.R. 32(C) work in conjunction with one another. As Crim.R. 32(C) discusses a plea, and a verdict, and a sentence — each in the singular — I believe an analagous approach under R.C. 2505.02 is appropriate.
 {¶ 24} Finally, I am concerned about the practical impact of this decision. By dismissing appeals of this nature, defendants are left in prison with limited options. While courts have asserted that the trial court's failure may be remedied *Page 17 
through an action for procedendo or mandamus, it is exceedingly unlikely that an indigent defendant would have the financial capacity to file such an action. The potential impact on the right to a meaningful direct appeal is readily apparent in the instant appeal. Appellant was sentenced to three years incarceration on June 29, 2006 with credit for 80 days served. More than ten months later, his appeal is dismissed. Even assuming that the trial court takes timely action upon dismissal of this appeal, appellant will have served roughly half of his three-year sentence before this Court examines the merits of his direct appeal.
 {¶ 25} Accordingly, I would decide this appeal on its merits. *Page 1